Clara Augusta Brandt, Appellant, v. Edward A. A. Brandt, as Executor, etc., Respondent, Impleaded with Louise Butt and Others, Defendants.— Judgment affirmed, with costs, upon the authority of *Brandt* v. *Brandt* (*ante*, p. 938), decided herewith. Jenks, P. J., Burr, Thomas, Rich and Putnam, JJ., concurred.

Albert Dunn, Appellant, v. Leonardo Genovese, Respondent.— Plaintiff's affidavit states that he would prove by defendant that the colliding automobile was owned and operated by the "plaintiff." Defendant denies ownership and operation, it may be because plaintiff conjoined allegation of such ownership and allegation with a charge of negligent collision with plaintiff. Order affirmed, with ten dollars costs and disbursements. Jenks, P. J., Thomas, Stapleton, Rich and Putnam, JJ., concurred.

Anton Follert, as Administrator, etc., Respondent, v. John Erikson, Defendant, and The City of New York, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Thomas, Carr, Rich and Putnam, JJ.

Mary J. Gardner, Appellant, v. The New York Consolidated Card Company, Respondent.— Judgment affirmed, with costs. No opinion. Jenks, P. J., Burr, Stapleton, Rich and Putnam, JJ., concurred.

In the Matter of the Probate of the Will of William B. Dana, Deceased. Jacob Seibert, Jr., and George S. Dana, as Surviving Executors, etc., Appellants; Kathryne Floyd Dana Jurgensen, Respondent.— Order of the Surrogate's Court of Suffolk county in so far as appealed from affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Burr, Stapleton, Rich and Putnam, JJ., concurred.

In the Matter of the Application for the Discharge of the Committee of the Estate of Emma J. Wilson, an Alleged Incompetent Person, Respondent. Clara Miller, as Committee, etc., Appellant.— The petitioner's brother or sister do not wish to take charge of her, and the hospital deems itself discharged. The sister alone seems to have any interest to participate in the proceeding. The condition is not entirely satisfactory, but as the court below presumably acted with necessary discretion, this order is